# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRACY L. MOORE, | ) |
| Plaintiff, | ) Civil Action No. 08-1637 |
| v. | ) Magistrate Judge Bissoon[1] |
| CZARNOWSKI DISPLAY SERVICE, INC., | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

For the reasons that follow, Defendant's Motion to Dismiss (Doc. 18) will be denied.

Plaintiff has filed this lawsuit against her former employer ("Defendant"), alleging that it interfered with her exercise of rights under the FMLA, and retaliated against her based on the same. *See generally* Am. Compl. (Doc. 17) at Counts I & II. Defendant argues that Plaintiff is an "ineligible employee" under the Act, given that it employed fewer than fifty employees within a seventy-five mile radius of Plaintiff's worksite. *See* Def.'s Br. (Doc. 19) at 1. Plaintiff concedes her ineligibility, but argues that Defendant should be equitably estopped from asserting a defense of non-coverage because she reasonably relied on Defendant's representations that her medical leave was covered under the FMLA. *See generally* Pl.'s Opp'n Br. at 1-2. The Court agrees that, given Plaintiff's allegations in support of equitable estoppel, Defendant's Motion should be denied.

---

[1] By consent of the parties, the undersigned sits as the District Judge in this case. *See* Consent forms (Docs. 10 & 11).

According to the most recent Complaint, Plaintiff approached her supervisor on June 17, 2008 and requested two weeks medical leave. *See* Am. Compl. at ¶ 15. Defendant "approved [Plaintiff's] request . . . as FMLA leave, and sent her the relevant paperwork, which she completed and returned." *Id.* at ¶ 16. Plaintiff's allegations, if true, support her assertion that Defendant led her to believe that her leave was granted under the FMLA. *See id.* at ¶ 41 (quoting portions of employee handbook stating that, although Defendant "is not legally required to comply with the FMLA at [its] locations" with less than fifty employees, Defendant would "grant authorized . . . medical leave[] . . . in accordance with the requirements of the [FMLA]"; "the Company will offer the same FMLA leave to [these] employees"); *id.* at ¶¶ 43-44 (Plaintiff notified Defendant "of her intention to take FMLA leave," and Defendant "represent[ed] . . . orally" that Plaintiff "was eligible for FMLA leave, and in fact was [granted] FMLA leave").

Plaintiff was on medical leave from June 17, 2008 through July 30, 2008. *Id.* at ¶ 22. She claims that, while on leave, Defendant suspended her company email account. *See id.* at ¶ 21. When Plaintiff returned to work on July 31st, her building access card had been deactivated, and she was denied access to her computer accounts. *See id.* at ¶ 28. Within hours of her arrival, she was called into a meeting with her supervisors and promptly suspended "pending . . . investigation" of a work-related incident that occurred shortly before her medical leave. *See id.* at ¶¶ 29-31. Plaintiff remained on suspension until eleven days later, when her employment was terminated. *See id.* at ¶ 34.

As referenced above, Defendant's Motion to Dismiss turns on the potential viability of Plaintiff's equitable estoppel theory. Although there is no published Third Circuit authority addressing the doctrine under the FMLA, one Judge in this District has predicted that it may apply. *See* <u>Sinacole v. iGate Capital</u>, 2006 WL 3759744, *8 (W.D. Pa. Dec. 19, 2006)

(Cercone, J.) (predicting that Court of Appeals for Third Circuit "would apply the judicial doctrine of equitable estoppel in appropriate circumstances"), *aff'd*, 287 Fed. Appx. 993, 995-96 (3d Cir. Aug. 5, 2008) (affirming district court's rejection of equitable estoppel theory on facts before it, but otherwise declining to "comment upon the applicability of . . . [the] equitable estoppel theory"). Plaintiff's counsel has identified a number of decisions from other jurisdictions recognizing equitable estoppel under circumstances analogous to those presented here, and the Court finds this authority persuasive. *See, e.g.*, Minard v. ITC Deltacom Commc'ns, Inc., 447 F.3d 352, 358-59 (5th Cir. 2006); McFadden v. Seagoville State Bank, 2009 U.S. Dist. LEXIS 693, *16-19 (N.D. Tex. Jan. 6, 2009); *and* Collins v. Midwest Med. Records Assoc., 2007 U.S. Dist. LEXIS 96511, *6-12 (E.D. Wis. Oct. 5, 2007) (citations omitted); *see also* discussion *infra* (further addressing these cases).

Taking Plaintiff's allegations as true, and affording her all reasonable inferences that flow therefrom, Plaintiff has pled sufficient facts to support an application of equitable estoppel.[2] As noted above, Plaintiff alleges that Defendant represented, orally and in writing, that her leave was covered under the FMLA. *See* discussion *supra* (highlighting Defendant's employee handbook and its alleged oral representations regarding coverage); *cf. also* Am. Compl. at ¶ 16 (inferring that Plaintiff was given, and she completed, FMLA paperwork). Plaintiff also alleges that she "detrimentally and reasonably relied on [Defendant's] representations," and that "[t]hose representations caused her not to return to work during the leave period." *See* Am. Compl. at ¶ 45; *see also id.* ("had [Plaintiff] known that she was not eligible under [the FMLA]," "she would have used personal or vacation time and/or rearranged her treatment plan so that she

---

[2] *See generally* Gross v. German Found. Indus. Initiative, 549 F.3d 605, 610 (3d Cir. 2008) (under "plausibility" standard established in *Twombly*, court still must "accept the complaint's allegations as true and draw all reasonable inferences in favor of the non-movant") (citation omitted).

would have returned to work sooner"). Finally, Plaintiff avers that Defendant interfered with her presumed FMLA rights and/or retaliated against her for exercising them. *See* discussion *supra*; *see also, e.g.*, Am. Compl. at ¶¶ 13, 21, 29-31 (indicating that, when Plaintiff first notified Defendant of her need for medical leave, her supervisor expressed dismay; Plaintiff's email account was suspended during her leave; and she was immediately suspended upon her return and then terminated). Plaintiff's allegations are sufficient at this stage of the proceedings. *Compare* discussions *supra with, e.g.*, Minard, 447 F.3d at 354, 359 (where defendant represented in writing that plaintiff was an "eligible employee" under FMLA, even though she was not, material disputes of fact existed regarding equitable estoppel doctrine; "an employer who without intent to deceive makes a definite but erroneous representation to [its] employee that she is . . . entitled to leave under [the] FMLA, and has reason to believe that the employee will rely upon it, may be estopped [from] assert[ing] a defense of non-coverage"); McFadden, 2009 U.S. Dist. LEXIS 693 at *17 (holding same where plaintiff "presented evidence that she requested 'FMLA leave,' using that exact phrase," and defendant's agents authored memorandum referencing plaintiff's "FMLA file"); Collins, 2007 U.S. Dist. LEXIS 96511 at *7 (holding same where defendant wrote letters indicating that plaintiff was "eligible and approved for FMLA leave").

    Defendant's arguments to the contrary are unavailing. Defendant first posits that Plaintiff received everything she was promised in its handbook, namely, medical leave and a return to work. *See* Def.'s Br. at 7-8. This assertion is somewhat beside the point, as Plaintiff does not allege breach of contract based on Defendant's employee handbook. *See generally* Am. Compl. Rather, the handbook is offered as evidence of the representations Plaintiff relied upon in concluding she was covered under the FMLA. In any event, Plaintiff's pleadings allow

a reasonable inference that Defendant had no intention of returning her to work. *See* discussion *supra* (noting that, prior to and at time of Plaintiff's return to work, Defendant barred Plaintiff's use of email and other computer accounts and deactivated her workplace access card, and promptly suspended, and then terminated, her employment).

Defendant next argues that the parameters of equitable estoppel should be strictly confined to Judge Cercone's decision in <u>Sinacole</u>. *See generally* Def.'s Br. at 8-9, 11 ("the cases cited [by] Plaintiff[] . . . are from jurisdictions outside the territory covered by the Third Circuit and thus have no probative value in predicting how the Third Circuit may rule"). <u>Sinacole</u> is distinguishable on its facts, however, and this Court has no reason to believe that the ruling compels a dismissal here.

In <u>Sinacole</u>, the plaintiff was ineligible for FMLA coverage because she had failed to work at least 1,250 hours in the year preceding her leave. *See id.* at *6-7. The plaintiff sought to invoke equitable estoppel based on the defendant's failure to inform her that she had not worked the requisite number of hours. *Id.* at *6. The District Court held that equitable estoppel was inappropriate under the "circumstances . . . presented," because the employer "did not misrepresent to [the plaintiff] that she could take FMLA leave and then renege on its word. Rather, her request was met with silence (and apparent confusion)." *Id.* at *8. The <u>Sinacole</u> Court also found a lack of detrimental reliance because the plaintiff "ha[d] not suggested, much less demonstrated, that she would have worked 1,250 hours prior to the time she needed to take leave [for] the birth of her child, an event that . . . was not adjustable." *Id.*

The instant case clearly is distinguishable. Plaintiff here does not allege misrepresentation by omission, but rather has pled that Defendant represented to her that her leave was covered under the FMLA. *See* discussion *supra*. Plaintiff also claims that, had she

5

known her leave was not covered, she would have "used personal or vacation time and/or rearranged her treatment plan so that she [could] have returned to work sooner." *Id.* Unlike the case in Sinacole, Plaintiff has alleged both misrepresentation and detrimental reliance, and there is no reason to doubt that the "appropriate circumstances" for a finding of equitable estoppel, as contemplated by Judge Cercone, may be present.

Defendant next argues that "the concept of equitable estoppel" does not apply because Plaintiff essentially presents a case of FMLA "retaliation." *See generally* Def.'s Br. at 10. Along the same lines, Defendant argues that "Plaintiff has not alleged that [Defendant told] her that she could take [FMLA] leave and then terminated her during the middle of that leave." *See id.* at 11.

As referenced above, however, Plaintiff's pleadings support a reasonable inference that her purported return to work was a "sham." If, as Plaintiff alleges, her computer accounts and access card were deactivated before she returned to work, and she was promptly suspended upon her return and then terminated, one may reasonably deduce that Defendant had no true intention of continuing her employment. Plaintiff has alleged sufficient facts to conclude that she was <u>not</u> permitted to return to work and, were Defendant's contrary interpretation accepted, any employer could avoid an interference claim by allowing an employee to "return to work" in a purely technical fashion and terminate her employment immediately thereafter. *See* Campbell v. Gambro Healthcare, Inc., 478 F.3d 1282, 1288 (10th Cir. 2007) (where "the employer cites only factors predating the employee's return to work to justify the adverse action, the plaintiff is not foreclosed from bringing an interference claim"; "[t]o hold otherwise would create a perverse incentive for employers to make the decision to terminate during an employee's FMLA leave, but allow the employee to return for a brief period before terminating her so as to insulate the

employer from an interference claim"). Whether viewed under the rubric of interference or retaliation, Plaintiff has pled sufficient facts to survive dismissal under Rule 12(b)(6). *See* discussions *supra*; *see also generally* Collins at *8 (rejecting argument that equitable estoppel cannot apply to FMLA retaliation claim).

Finally, Defendant makes the policy argument that equitable estoppel should not apply where an employer voluntarily elects to provide FMLA-compliant privileges despite its lack of a legal obligation to do so. *See, e.g.*, Def.'s Br. at 12-13 (arguing that application of equitable estoppel in this case "would send employers the message that 'no good deed goes unpunished,'" and objecting that Defendant's potential liability stems from its "[going] above and beyond the legal call of duty for one of its employees"). While the Court is not entirely unsympathetic to Defendant's "no good deed goes unpunished" analysis, the potential application of equitable estoppel here is little different from any other case in which a plaintiff's reasonable, detrimental reliance on an otherwise unenforceable promise is actionable under the law. *Cf. generally, e.g.,* Crouse v. Cyclops Indus., 745 A.2d 606, 610 (Pa. 2000) (if reasonable, detrimental reliance "[can] make[ an] otherwise unenforceable agreement[] binding").

For all of the reasons stated above, the Court enters the following:

## II. ORDER

Defendant's Motion to Dismiss (**Doc. 18**) is hereby **DENIED**.

IT IS SO ORDERED.


March 6, 2009                                        s/Cathy Bissoon
                                               Cathy Bissoon
                                               United States Magistrate Judge

7

cc (via email):

David B. Spear, Esq.
Jessica Fayerman, Esq.
Kimberly J. Kisner, Esq.
Marc J. Siegel, Esq.